**Chad HENRY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 64A04–0511–PC–655.

Court of Appeals of Indiana.

June 14, 2006.

Karen Jensen, Indianapolis, IN, Attorney for Appellant.

---

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Chad Henry appeals the denial of his petition for post-conviction relief.

We affirm.

### ISSUE

Whether the post-conviction court erred in denying relief to Henry.

### FACTS

On December 16, 2002, Henry was charged with one count of murder. On December 4, 2003, pursuant to an agreement with the State, Henry tendered a guilty plea to one count of voluntary manslaughter by means of a deadly weapon, a class A felony, with sentencing to be determined by the court. On January 27, 2004, Henry was sentenced to a term of forty-five years, with five years suspended. On February 25, 2004, Henry filed his notice of appeal. On May 15, 2004, Henry submitted his appellate brief. Therein, Henry argued that the trial court erred when it found that aggravating circumstances warranted an enhanced sentence, and that the sentence imposed was inappropriate. On July 14, 2004, his appeal was fully briefed and transmitted to this court. We affirmed on September 21, 2004. See *Henry v. State*, No. 64A–03–0404–CR183, 816 N.E.2d 97 (Ind.Ct.App. Sept. 21, 2004). Henry did not petition for rehearing or for transfer.

In the meantime, on June 24, 2004, the U.S. Supreme Court announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that other than the fact of a prior conviction or facts admitted by the defendant, any fact used to increase the penalty for a crime beyond the statutory maximum must be submitted to a jury.

On March 9, 2005, our Supreme Court considered the effect of *Blakely* and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on Indiana's sentencing system in *Smylie v. State*, 823 N.E.2d 679 (Ind.2005), cert. *denied.* Like Henry, Smylie pleaded guilty and was sentenced before *Blakely*, and he was ordered to serve an enhanced sentence. Smylie's appellate brief was filed in January of 2004, and he "sought sentence relief from the Court of Appeals based on arbitrariness or unreasonableness." 823 N.E.2d at 690. We affirmed Smylie's sentence on April 13, 2004, also before *Blakely*. However, unlike Henry, Smylie filed a petition for transfer. He did so on July 15, 2004, after *Blakely* was issued. In his transfer petition, Smylie challenged the constitutionality of his sentence under *Blakely*.

On March 9, 2005, the Indiana Supreme Court in *Smylie* held that Indiana's sentencing system ran "afoul of the Sixth Amendment." 823 N.E.2d at 685. To remedy the constitutional infirmity, our Supreme Court held that when the facts used to enhance the standard term were "the sort of facts envisioned by *Blakely* as necessitating a jury finding," then those facts must have been found by a jury. *Id.* at 686. Because "aggravating factors used to enhance [Smylie's] sentence were not submitted to the jury or admitted by Smylie," the enhancement could not stand. *Id.* at 687.

On July 26, 2005, Henry filed his petition for post-conviction relief, claiming that "pursuant to the holding in *Smylie*," he was entitled to relief on *Blakely* grounds. (App.43). At a hearing on September 27, 2005, he pressed this same argument. On October 24, 2005, the post-conviction court denied Henry's petition, concluding *inter*

*alia* that by failing to raise *Blakely* "in an amendment, petition to transfer, or in any other manner while his appeal was on direct review," Henry had "forfeited his ability to appeal his sentence on *Blakely* grounds." (App.42, 43).

## DECISION

We paraphrase Henry's framing of the issue as follows: "In order to preserve the issue of an unreasonable sentence" and "be entitled to sentencing relief pursuant to *Blakely*," must the appellant whose case "was pending on direct appeal after *Blakely* was decided" have raised a *Blakely* claim "in an amendment, petition to transfer, or some other manner" before the decision denying his direct appeal became final? Henry's Br. at 4. We answer in the affirmative, finding that *Smylie* does not provide for an automatic *Blakely* analysis to apply to every case that was pending on direct appeal at the time *Blakely* was decided and had argued error in sentencing.

As Henry correctly notes, *Smylie* held that "Indiana will apply *Blakely* retroactively to all cases on direct review at the time *Blakely* was announced for defendants who sought sentence relief from the Court of Appeals based on arbitrariness or unreasonableness." Henry's Br. at 8–9. However, he fails to complete our Supreme Court's statement of its holding in that regard:

> ... we regard defendants such as Smylie who sought sentence relief from the Court of Appeals based on arbitrariness or unreasonableness, **and** who added a *Blakely* claim by amendment or on petition to transfer as having adequately presented the issue of the constitutionality of their sentence under *Blakely*.

823 N.E.2d at 690 (emphasis added, internal citation to record omitted). Henry did challenge his sentence so as to come within the ambit of the first clause; his appeal challenged his sentence and was before the Court of Appeals when *Blakely* was issued.

Henry appears to argue that the second clause is immaterial, asserting that "logic dictates" that under *Smylie* he should be able to argue *Blakely* now in a petition for post-conviction relief. Henry's Br. at 10. In a footnote in *Smylie*, our Supreme Court appeared to anticipate Henry's argument, when it declared as follows:

> ... our "fundamental error" rule sometimes affords relief to claimants who did not preserve an issue before the trial court and seek to raise it for the first time on appeal. Under our holding today, *Blakely* claimants who have appealed their sentences will be allowed to add a tardy *Blakely* claim and thus have no need to claim "fundamental error." The fundamental error doctrine will not, as caselaw holds, be available to attempt retroactive application of *Blakely* through post-conviction relief.

823 N.E.2d at 689, n. 16 (citations omitted).

Moreover, *Smylie* expressly stated that for *Blakely* to retroactively apply to the defendant whose sentence was pending on direct appeal at the time *Blakely* was announced, the defendant must have "added a *Blakely* claim by amendment or on petition to transfer...." 823 N.E.2d at 690. Henry failed to do so. In the months while his appeal was pending after *Blakely* was issued (on June 24, 2004), Henry took no action to amend his brief to add *Blakely* in support of his argument that his sentence was erroneous. See Ind. Appellate Rule 47 ("On motion for good cause, the Court may grant leave for a party to amend a brief...."). Further, after we issued our decision on September 21, 2004—nearly three months after *Blakely*, Henry did not file a petition for rehearing and argue for the application of *Blakely*. See Ind. Appellate Rule 54 (petitions for

rehearing may be filed for 30 days after decision). Finally, Henry did not seek to raise a *Blakely* argument in a petition for transfer, an option that was available for him until October 21, 2004, see Ind.App. R. 57, a date nearly four months after *Blakely* was issued.[1] Accordingly, Henry has forfeited a challenge to his sentence based on *Blakely*.

We affirm.

RILEY, J., and VAIDIK, J., concur.

---

1. Also, if Henry had initially petitioned this court for rehearing, and if his petition had been denied, he would have had an additional 30 days from the date of that denial to petition for transfer to the Indiana Supreme Court, see Ind.App. R. 57(C), extending the time in which to have raised a *Blakely* claim to an even later date.